JOHN HOOTER v. THE STATE.

No. 7897. Delivered Jan. 7, 1925.

**1.—Manufacturing Intoxicating Liquor—Accomplice Testimony—Charge of the Court.**

The State's case proceeded upon the hypothethis that one William Taylor, and others, were hired by appellant to manufacture whisky for him. Taylor testified and the court charged that he was an accomplice. Taylor's wife also testified and the proof disclosed that she also was a party participant in the offense, at least to the extent that she, with guilty knowledge, did participate in the fruits of the crime. The court erred in failing to instruct the jury that she was an accomplice.

**2.—Same—Evidence—General Reputation—Rebuttal Testimony.**

Having presented witnesses who testified to the good reputation of himself, said witness on cross-examination by the State denied that they had heard that defendant had been indicted for theft of an automobile. Appellant then took the stand, and te.tified that he had been indicted for theft of an automobile, and explained the circumstances of that transaction and that he was not guilty. It then became proper for the State in rebuttal to establish that appellant's explanation was false. See Branch's Ann. P. C. page 59.

Appeal from the Criminal District Court of Dallas County, tried below before the Honorable Felix D. Robertson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

*T. F. Monroe* and *Mike T. Lively,* of Dallas, for appellant.

*Shelby Cox,* District Attorney, of Dallas; *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Dallas county of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

This is a companion case to Miller v. State, 263 S. W. Rep. 919, and in our judgment must be reversed for the same error which we deemed reversible in the Miller case.

The State's case proceeded upon the hypothesis that appellant and others. hired one William Taylor to make whisky, starting him at a

salary of $35 a week which was increased to $75 later. The whisky was being made in a little house in Taylor's yard in which were a number of barrels of mash, a big still, and the other ingredients and paraphernalia used in making whisky. The court charged that Taylor was an accomplice but declined to instruct the jury that Taylor's wife was also an accomplice. Both Mrs. Taylor and her husband testified that she knew all about what was going on in the little house. Taylor swore that he told her all about it. She admitted that she had been in there and had seen the barrels of mash and the still and she described the apparatus. She admitted that the money being paid Taylor for his illegal connection with the manufacture of the liquor in question, was being used for the support of the family and that part of it was turned over to her and kept and used by her with full knowledge of whence it came. We are of opinion that the court should have instructed the jury that she was an accomplice, and that his submission of the question to them to determine does not meet the requirements of the law.

The court in his charge merely defined accomplice in the usual terms and in the submission to the jury of the question as to whether Mrs. Taylor was an accomplice, told them that if they believed she was an accomplice as above defined, etc., etc. An exception was reserved to the charge of the court in not giving to the jury as one of the definitions of an accomplice, or as one of the means by which they could determine whether Mrs. Taylor was an accomplice, that rule of law which makes those parties who with knowledge participate in the fruits of a crime, also accomplices, this being the feature of the law of accomplice testimony upon which appellant relied to make an accomplice of the woman. In any event we would be compelled to hold the charge fatally erroneous for not submitting to the jury this phase of the definition of an accomplice. We are of opinion that it was proper for the court to submit to the jury the issue as to whether Marvin Taylor was an accomplice.

There is another matter which should be discussed in view of the possibility of another trial. Appellant put his own character in issue before taking the witness stand and proved by a number of witnesses that his general reputation for being a peaceable, law abiding citizen was good. Some of these were asked by the State on cross-examination if they had heard that appellant had been indicted for theft of an automobile, but each denied having so heard. Appellant then took the stand and in his direct examination affirmed that prior to the instant charge he had never been indicted but once and that this was for automobile theft, and then proceeded to detail the circumstances attendant upon his arrest for the theft of the car, stating that he was in the automobile business and that a man phoned to him to come to his house, and that while at said house, sitting in a car in front, an officer came and arrested the other man and took appellant also but that

the case was dismissed and that he was the victim of circumstances and had no connection whatever with the taking of said car.

We think it was not error under these circumstances for the State upon cross-examination to lay its predicate and ask appellant, with reference to his arrest, if it was not true that he was in the back of a garage and that when he saw the officer' on the occasion mentioned that he ran and only stopped when confronted by a wire fence over which he could not go. We believe that upon appellant's denial of these matters the State had a right to introduce the officer to prove that such were the facts. We do not think the principles involved in cases where the State seeks to impeach its own witness at all applicable. If the State in the first instance had brought out the damaging fact that appellant had been indicted or convicted, he would have been permitted to show that this testimony was untrue or that he had been acquitted or the case had been dismissed, or to explain that he was not guilty, but we do not believe he can volunteer the fact of his indictment, or its dismissal and then complain because the State in rebuttal explains its act in dismissal, or introduces proof of his flight from the officer who arrested him. To so hold would be contrary to the rule which· permits one party to go further into a matter a part of which has been brought out originally and voluntarily by his adversary; would be contrary to the rule supported by many of the authorities cited by Mr. Branch in his Annotated P. C., p. 59, that when one party introduces detailed acts, etc., the other party may prove other acts, etc. which shed light on the matter so already detailed. The rule of invited error, or what in civil matters might be called an estoppel, would seem to compel us to hold the admission of the evidence complained of as at most harmless error.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*