### JOSE MIGUEL GUITERREZ V. THE STATE.

#### No. 3402.   Decided February 3, 1915.

**1.—Burglary—Accomplice—Charge of Court.**

Where, upon trial of burglary, the conviction depended largely upon the testimony of two witnesses, father and daughter, and the evidence showed that they knew the goods in their possession had been stolen from the burglarized house and the court submitted the law of accomplice testimony as to the father only, but not to the daughter, and refused a requested charge requiring that the daughter's testimony must also be corroborated, the same was reversible error.

**2.—Same—Accomplice—Corroboration.**

Where, upon trial of burglary, the evidence showed that two of the State's witnesses were accomplices in law, the court should have given a requested instruction that one accomplice can not corroborate the testimony of the other. Following Johnson v. State, 58 Texas Crim. Rep., 244.

Appeal from the District Court of Taylor.   Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Mahaffey & Fulwiler*, for appellant.—On question of accomplice: Walker v. State, 37 S. W. Rep., 423; Hinds v. State, 27 Texas Crim. App., 104; O'Connor v. State, 28 id., 288; Massey v. State, 29 id., 159; Johnson v. State, 58 Texas Crim. Rep., 244, 125 S. W. Rep., 16; Branch's Crim. Law, sec. 319, p. 179.

*C. C. McDonald*, Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of burglary of a store belonging to T. C. Campbell, his punishment being assessed at five years confinement in the penitentiary.

The evidence for the State was made largely by two witnesses whose

names are Juan Peralez and Rita Peralez, his daughter. The ·court charged the jury that Juan Peralez was an accomplice and submitted the law in regard to his testimony and necessary corroboration. He did not apply that law with reference to the witness Rita Peralez, and refused special instructions submitting that question to the jury. The requested instructions are as follows: "You are charged that if you believe and find from the evidence that the witness Rita Peralez knew that the goods offered in evidence before the jury were stolen from T. C. Campbell, and that after ascertaining that said goods were stolen property, she, the said Rita Peralez, concealed the said goods or aided and abetted any other person in concealing the said goods, knowing them to be stolen, then you are charged that said Rita Peralez would, in law, be an accomplice, and you could not convict the defendant in this case upon her testimony alone, and in this connection you are further charged that the witness Juan Peralez is an accomplice, and that the testimony of one accomplice in law can not corroborate the testimony of another accomplice." This charge should have been given. The testimony of Juan Peralez shows that he received the goods into his house from Guiterrez, with the statement at the time he received them from appellant that he got the goods from Campbell's store. In other words, his testimony shows at the time Guiterrez left the goods in his house he knew the goods had been stolen from the burglarized house. The witness Rita Peralez also testified that she knew the goods were stolen; heard the conversation between her father and appellant with reference to the goods, and she testified the goods had been in the house a year or more secreted and hidden away as such stolen goods. She denied any knowledge of the goods until found and then admitted she knew they were stolen when received. In other words, the evidence is clear and conclusive that Juan and Rita Peralez both knew, by their testimony and the testimony of these officers, that ·at the time they received the goods they had been stolen from Campbell's store, and they secreted the goods knowing that fact. This required the court to charge the jury not only that Juan Peralez was an accomplice but the same testimony makes Rita Peralez an accomplice. The court should have instructed the jury with reference to the law of accomplice testimony as to Rita Peralez, and the further fact that two accomplices could not corroborate each other. The evidence in this case is much stronger than that in the case of Johnson v. State, 58 Texas Crim. Rep., 244, opinion written by Judge Ramsey and concurred in by the court. In view of the decision in that case and the reasoning given it is unnecessary to elaborate or try to elucidate the. question.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*