STINSON ·ET AL. *v.* THE BOARD OF EDUCATION OF BURLINGTON TOWNSHIP, LICKING COUNTY.

*Schools—Emergency bond issues—Section 7630-1, General Code —Enlargement or new building ordered by Industrial Commission—Discretion not abused by board of education, when—Powers of boards of education—Injunction does not lie to annul statute, when.*

1. When an order issued by the Industrial Commission, or department thereof, is clear as to what is to be done, or is ordered to be done, it needs no interpretation by a court. And when the language used in such order can lead to but one conclusion, and a Board of Education follows it, such act on the part of the Board of Education is not, in law, an abuse of discretion.

2. Under our existing school laws Boards of Education are clothed with almost unlimited power. Legislative acts, if constitutional, and not otherwise defective, must stand untíl repealed by the Legislature. However, if laws do not meet the approval of the people, the remedy is not in the courts but in an appeal to the Legislature to amend or repeal such as are not in accord with sound public sentiment. It is not within the power of courts, by injunctive relief or otherwise, to arbitrarily set aside a statute if same is constitutional and not otherwise defective.

(Decided March 10, 1923.)

APPEAL: Court of Appeals for Licking county.

*Messrs. Fitzgibbon, Montgomery & Black,* for plaintiffs.

*Messrs. Flory & Flory* and *Mr. Russell Knepper,* for defendant.

HOUCK, J.  This is an appeal case, and comes into this court from the Common Pleas Court of Licking county. The suit is one for injunction, to restrain the defendant, the Board of Education of Burlington township, Licking county, from issuing bonds in the sum of $80,000, to erect a new school building in that school district.

The defendant was acting under favor of the provisions of Section 7630-1, General Code, which is termed an emergency statute, and which went into effect January 1, 1922, and is found in Volume 109 Ohio Laws, at page 343; also under favor of the following order issued to it by the Department of Industrial Relations of Ohio, Division of Workshops, Factories, etc.:

"An inspection was made of the Homer high and grade school located in Homer, Ohio, on May 3, 1922, by Deputy Hyser, and in consequence the following order is issued:

" 'School Order No. 705—On account of congested attendance and being necessary to use basement rooms for school purposes to relieve the congested condition the present building is inadequate and does not meet the code requirements. Therefore provide additional room by enlarging present building or construct new building to afford relief to present congestion.

" 'Plans and specifications for such additions or structure to be submitted to this department for examination and approval before commencing any

part of the work. To be complied with before the next term of school begins.

" 'I refer you to Sections 871-22, 1030-1037, 4648, 4657, 12600-1-282, Ohio General Code.

" 'Awaiting notification immediately upon compliance.

" 'Replying mention School Order No. 705.

" 'Yours truly,

" 'E. U. WHITACRE,

" '*Chief of Division*.' "

It is urged by the plaintiffs that the defendant Board of Education is without authority in law to issue or cause to be issued the $80,000 in bonds for the construction of a new school building, and they ask for an injunction restraining the Board of Education from doing it. This relief is sought on the allegations of fact set out in the petition of plaintiffs. The allegations of the petition being known to the parties to the suit and counsel, we do not find it necessary to set same out in this opinion.

We have read and examined with much care the statements of fact set forth in the petition and are fully satisfied that they are not sufficient in law to warrant the injunctive relief prayed for; but, as no demurrer was filed to such petition, we will pass upon the merits of the case.

The cause was submitted to this court upon the petition, answer, a reply, and a transcript of the testimony taken in the Common Pleas Court.

The petition raises but one question, viz.: abuse of discretion on the part of the Board of Education. However, we will consider another, viz: Was the order issued by the Department of Industrial Relations sufficient in law to authorize the

defendant to act under favor of said emergency statute, Section 7630-1, which reads:

"If a school house is wholly or partly destroyed by fire or other casualty, or if the use of any school house or school houses for their intended purpose is *prohibited by an order of the Industrial Commission of Ohio* or its successor in such authority, and the board of education of the school district is without sufficient funds applicable to the purpose, with which to rebuild or repair such school house or to construct a new school house for the proper accommodation of the schools of the district, and it is not practicable to secure such funds under any of the six preceding sections because of the limits of taxation applicable to such school district, such board of education may issue bonds for the amount required for such purpose. For the payment of the principal and interest on such bonds and on bonds heretofore issued for the purpose herein mentioned and to provide a sinking fund for their final redemption at maturity, such board of education shall annually levy a tax as provided by law."

We are fully convinced that if in the judgment of the Board of Education the necessities of the district required a new school building, instead of repairing the old, under the allegations of the petition, the proven facts, and the statute, the board had a legal right, under the order from the Department of Industrial Relations, to do so, and that such order was broad enough to cover same, and fully authorized and empowered the defendant to issue bonds to construct a new school building.

In the case of *Board of Education of Vanlue*

*Village School District* v. *Oman*, 105 Ohio St., 237, the Supreme Court holds:

"Section 7630-1, General Code, authorizes the board of education of a district, when such conditions exist in the district as to bring it within the purview of that section, upon which the approval of the electors to issue bonds for the purpose of (1) rebuilding a building destroyed or prohibited, (2) repairing a decayed, injured, dilapidated, partially destroyed or prohibited building, or, (3) constructing a new building to accommodate the pupils of the entire district; and a board of education is authorized to issue the bonds in such an amount as will be required for either one or both of the first two alternatives, or in such an amount as will be required for the last alternative."

In the present case the Board of Education had authority to issue the bonds without a vote of the electors of the school district, Section 7630-1, General Code, having been amended since the above case was commenced. Therefore, now, the issuing of bonds need not be submitted to a vote of approval by the people of the district.

We have read the opinion of Judge Robinson in the case above cited, and it discusses and decides each and all of the questions raised in this case, as we find and hold, in favor of the defendant, and against the plaintiffs. We do not deem it necessary to set out the opinion of Judge Robinson here, but refer counsel to same.

It will be observed that in the case at bar, no plans or specifications have been prepared or submitted to the Department of Industrial Relations for its approval. The authorization of a large

issue of bonds does not require the issue of all so authorized. The plans and specifications of the intended new building not having been prepared, how can it be determined, at this time, that an excessive amount will be used for the construction of the contemplated new building? All of this claimed abuse of discretion on the part of the Board of Education, it seems to us, is premature.

It will be conceded that under our present school laws Boards of Education are given almost unlimited power. The remedy is not in the courts, but with the Legislature. If these laws do not meet the approval of the people they should appeal to the Legislature of Ohio to amend or repeal such as are not in accord with sound public sentiment.

It is not a question as to whether or not the members of this court personally approve the acts and procedure in the premises of the defendant Board of Education, or whether or not if we had been members of that board we would have done likewise; but the question for us to determine is, Were the proceedings legal, and in accordance with statutory law? We must follow the statutes and properly interpret them, and we cannot push them aside simply because personally we may not favor them.

Legislative acts, if constitutional, and not otherwise defective, must stand until repealed by the Legislature.

In addition to the decision of the Supreme Court hereinbefore referred to, and relied upon by this court as decisive of this case, we cite the following authorities as being directly in point, and which we are satisfied fully support the conclusion we have reached in this lawsuit: *Brannon* v.

*Board of Education,* 99 Ohio St., 369; *Board of Education* v. *Boehm,* 102 Ohio St., 292; and *State, ex rel. Van Harlingen,* v. *Board of Education,* 104 Ohio St., 360.

Further comment seems unnecessary. We are unanimous in the following findings:

First: The petition does not state facts sufficient in law to constitute a cause of action.

Second: Passing the first, and going to the merits of the case, there is an entire failure of proof. The relief sought is injunction and the evidence must be clear and convincing. There is an utter failure in the evidence in this respect.

Third: Judgment for the defendant, The Board of Education of Burlington township, Licking county, Ohio. Petition of plaintiffs dismissed, and injunction dissolved.

*Judgment for defendant.*

PATTERSON and SHIELDS, JJ., concur.