JOHN ALSUP v. THE STATE.

No. 14042. Delivered June 3, 1931.

*Otis Rogers,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, twenty years in the penitentiary.

Appellant was convicted for the murder of a negro named Tate, the state's theory in the trial of the case being that appellant and others induced Tate and another negro to go to the Polytechnic State Bank in the suburbs of Fort Worth and there engage, or appear to engage, in an attempt to rob said bank, in order to furnish appellant a pretext for killing said negroes, and to enable him to thus secure from certain banks a reward of $5,000 theretofore offered for the killing of any bank robber in this state. The facts seem to indicate that appellant and certain other parties did induce Tate and a negro named Terrell to go to said bank on the occasion in question, and that appellant shot and killed said negroes, one of them appearing to have fled from the bank and to have been pursued and killed by appellant some distance away. Many questions are raised, and we have examined the record with a good deal of care and are of opinion that in none of same does there appear any serious error save in those hereinafter mentioned.

The court in his charge told the jury that three witnesses named therein were accomplices, and that appellant could not be convicted upon their testimony unless corroborated by other testimony which of itself tended to connect him with the commission of the offense. The court's charge was excepted to for its failure to instruct the jury that one accomplice could not corroborate another, and a special charge embodying this principle of law was presented to the court, and he was asked to give same but refused. It is to be regretted that the violation of a principle as well settled as this should necessitate the reversal of this case. It has been the unbroken holding of this court that in an appropriate case the judge must give to the jury the instruction referred to. Heath v. State, 7 Texas App., 465; Harrison v. State, 17 Texas App., 442; McConnell v. State (Texas Crim. App.), 18 S. W., 645; Whitlow v. State (Texas Crim. App.), 18 S. W., 865; Eddens v. State, 47 Texas Crim. Rep.,

529; Franklin v. State, 53 Texas Crim. Rep., 549; Guiterrez v. State, 76 Texas Crim. Rep., 189, 173 S. W., 1025; Sims v. State, 95 Texas Crim, Rep., 164. It is to be regretted that the case must be reversed for an error of this character.

After the jury had been out several hours and had been unable to agree, they were called in the court room by the court to ask the foreman if they had reached an agreement, to which said foreman replied that they had not. The court then asked how they stood with reference to numbers, and was informed that they stood nine to three, and that they had been so divided since the first ballot, and that the same three who first disagreed with the majority were still in disagreement. It appears from the bill of exception presenting this matter that there were a number of spectators in the court room at that time, and that the court said to the jury: "Let the three men who disagree with the majority hold up their hands," and that thereupon three of the jurors held up their hands. The jury were then directed to return to their room and continue their deliberations. The bill of exception states that within an hour after this was done the jury came in with a verdict. Since this case must be reversed, we but feel constrained to say that the action of the court in requiring the jurors to identify publicly in the presence of spectators those who were in disagreement with the majority, was conduct on the part of the court which should not have been indulged. The deliberations of a jury are required to be kept secret, and to compel them to disclose in the presence of spectators how they stood and who are the minority, might well be considered a species of pressure which in some instances might require reversal of a case.

There is a bill of exception complaining of the fact that the trial court declined to instruct the jury that the witness Watkins was an accomplice. Unless we have overlooked something in the record, there was no request that the issue as to the complicity of this witness be submitted to the jury. It is made to appear in the record that Watkins was to some extent associated with appellant and the other three who are named in the charge as accomplices under the law, and that Watkins let the others have the car which was used by them to convey the two negroes who were killed by appellant, from Fort Worth out to the scene of the alleged bank robbery on the day of the killing. It also appears that after one of said parties had conveyed said negroes to the vicinity of the bank, he returned with the car in question to the home of Watkins, who then and there asked him "If they had done the job," and was informed by said accomplice witness that he did not know, that he saw the ambulance going toward Polytechnic as he came away. It would be manifest that if Watkins furnished the car to appellant and his confederates, and loaned them money on another occasion and under circumstances seemingly in pursuance of the alleged conspiracy between appel-

lant and his said confederates,—with knowledge on the part of Watkins that the car referred to or the money mentioned were to be used in carrying out the conspiracy to bring about the death of said negroes, said Watkins might be deemed by the jury an accomplice. It is suggested that if this proposition be raised upon another trial, that this issue should be submitted to the jury.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*