JOHN ALSUP v. THE STATE.

No. 15122.    Delivered April 27, 1932.

The opinion states the case.

*Simpson, Brewster & Rogers,* and *Garland Flowers,* all of Fort Worth, for appellant.

*Sam B. Spence,* District Attorney, and *George W. Anderson,* Asst.

Dist. Attorney, both of Wichita Falls, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

The trial was had in Wichita county on a change of venue from Tarrant county. A former appeal is found reported in 118 Texas Crim. Rep., 388, 39 S. W. (2d), at page 902. The facts are substantially the same as those set forth in the opinion rendered in the appeal to which reference has been made. We quote from that opinion: "Appellant was convicted for the murder of a negro named Tate, the state's theory in the trial of the case being that appellant and others induced Tate and another negro to go to the Polytechnic State Bank in the suburbs of Fort Worth and there engage, or appear to engage, in an attempt to rob said bank, in order to furnish appellant a pretext for killing said negroes, and to enable him to thus secure from certain banks a reward of $5,000 theretofore offered for the killing of any bank robber in this state. The facts seem to indicate that appellant and certain other parties did induce Tate and a negro named Terrell to go to said bank on the occasion in question, and that appellant shot and killed said negroes, one of them appearing to have fled from the bank and to have been pursued and killed by appellant some distance away."

Appellant filed a plea of former jeopardy in which he averred, in substance, that he had theretofore been indicted and tried for killing George Terrell, the other negro whom it was claimed by the state he had induced to attempt to rob the bank; that upon said trial for killing George Terrell he had been acquitted; that the killing of Isaac Tate and George Terrell constituted a single transaction, in that it was the theory of the state that appellant had entered into a conspiracy to induce Tate and Terrell to rob the bank in order that he might kill them and collect a reward therefor; that this issue was submitted in the charge of the court on the trial of appellant for killing Terrell, the instruction being, in effect, that appellant would be guilty of murder in the event he entered into a conspiracy to bring about the robbery notwithstanding the fact that the killing took place in preventing robbery; that the evidence upon the trial in the present case would be the same as that developed in appellant's trial for killing Terrell. The plea set out in some detail the evidence on the former trial. No attempt was made in the plea to negative the existence of elements common to the two killings other than the element involved in the conspiracy to bring about the robbery. The court overruled the plea without hearing evidence.

Subdivision 5 of article 1222, Penal Code, reads as follows: "If homicide takes place in preventing a robbery, it is justifiable if done while the robber is in the presence of the one robbed or is flying (fleeing) with the property taken by him."

Appellant contends that, in as much as the facts in the present case and those adduced on his trial for killing Terrell show an attempt to rob the bank and the killing of the two negroes under the reasonable belief that they were fleeing with the spoils of the robbery, he could not be guilty of murder in the absence of a conspiracy to bring about the robbery. He takes the position that the finding of the jury in his trial for killing Terrell that no conspiracy existed finally determined his innocence of the charge involved in the present prosecution. Reliance is had upon the case of Spannell v. State, 83 Texas Crim. Rep., 418, 203 S. W., 357. In that case upon a trial for killing his wife, Spannell had testified that Major Butler assaulted him, and that several shots were fired by him at Major Butler with no intent to injure Mrs. Spannell. One of the shots fired at Butler killed Mrs. Spannell. Upon his trial on a subsequent indictment for killing Major Butler, Spannell filed a plea of former acquittal, based upon the proposition that the two homicides, resulting from a single act and volition, constituted but one offense. The court refused to submit the plea to the jury. This court said, in holding that the plea should have been submitted, that if the shots were fired at Major Butler only, and killed Mrs. Spannell, the accused having no intent or volition to injure her, that in order to determine whether he was guilty or innocent on his trial for the murder of his wife, it was necessary to decide whether, in shooting at Butler, he acted in self-defense, or with malice, and that the decision that he was innocent of the murder of his wife necessarily involved the finding that his act in firing at Butler was not such as to constitute murder.

In the present case, if it should be conceded that the issue of conspiracy was determined adversely to the state's contention in appellant's trial for killing Terrell and could not become an issue upon a subsequent trial for the killing of Tate, it does not necessarily follow that the state would be precluded from convicting appellant for killing Tate. If the killing of Tate was upon malice and not to prevent him from fleeing with property taken from the bank, although Tate might have been actually fleeing with such property at the time he was killed, appellant would be guilty of murder. Surges v. State, 88 Texas Crim. Rep., 288, 225 S. W., 1103; Laws v. State, 26 Texas App., 655, 10 S. W., 220. Neither Tate nor Terrell had in possession, while they were fleeing from the scene of the attempted robbery, any of the property of the bank. It is true that appellant might, under the circumstances, have entertained the reasonable belief that the negroes were fleeing with spoils of the robbery. If he entertained such belief and there was no conspiracy to bring about the robbery, the statute was operative. Appellant killed Terrell first. The jury upon his trial for that killing might have concluded that, under the circumstances, he acted upon the reasonable belief that Terrell had in his possession the spoils of the robbery. After killing Terrell, appellant rode some distance

in an automobile and killed Tate. If the facts and circumstances in evidence upon the trial for killing Tate were such as would have warranted the jury in concluding that appellant did not act upon the reasonable belief that Tate was fleeing with the spoils of the robbery, an acquittal would not have been warranted. Appellant might have discovered after he killed Terrell that the negroes did not have in their possession any of the property of the bank. If such had been the fact he would not have been justified in killing Tate. The motive for killing Tate might have been entirely different from that involved in the killing of Terrell. There was nothing in the plea of former jeopardy negativing the existence of a different motive or different state of mind from that existing at the time Terrell was killed. In the case of Spannell v. State, supra, the state's case depended upon the solution of a single issue. No other issues were involved. In the present case two separate and distinct states of mind might have been involved. The plea was insufficient in not negativing the existence of the elements to which reference has been made. Hence the refusal to submit the matter to the jury was not error.

State's witness Watkins gave testimony damaging to appellant. The evidence raised an issue as to whether this witness was an accomplice. Will Vincent, Gus Boyt and Earl Wilson also gave testimony damaging to appellant. The evidence showed they were accomplice witnesses as a matter of law. In paragraph 12 of his charge, the court instructed the jury that Vincent, Boyt and Wilson were accomplice witnesses, and that it was for the jury to determine, under all the evidence, whether Watkins was an accomplice witness. Following this charge, the jury were instructed as follows: "If under the evidence before you, you should find that the witness Clarence Watkins is an accomplice witness, the next paragraph of this charge will apply to his testimony as well as to the testimony of the witnesses Boyt, Wilson and Vincent, but if you do not so find, then you will not consider his testimony as accomplice testimony in this case."

In the only part of the charge defining the necessity of corroborating the testimony of the accomplice witness, the court instructed the jury as follows: "Now, therefore, if you should find that the witness Watkins is an accomplice you are instructed that you can not convict the defendant upon the testimony of said Watkins, Wilson, Boyt and Vincent, unless you first find and believe from the evidence beyond a reasonable doubt, that the testimony given by them is true, and that it tends to connect the defendant with the offense charged in the indictment and unless you further find that there is other testimony before you tending to connect the defendant with the offense charged, and that such testimony is corroborative of their testimony and such corroboration is not sufficient if it only shows the commission of the offense charged."

Appellant objected to the foregoing charge as follows: "The defend-

ant objects and excepts to paragraph 13 of the court's main charge for the reason that in such instruction wherein it refers to testimony of accomplice witnesses, the instruction with reference to the necessity for corroboration of such accomplice witnesses and each of them particularly with reference to the witnesses Boyt, Vincent and Wilson is made dependent directly upon the jury finding the witness Watson is likewise an accomplice witness."

The exception was well taken. If the jury found that the witness Watkins was not an accomplice they had no guide in the charge touching the necessity of corroboration of the accomplice witnesses Boyt, Vincent and Wilson. In other words, under the court's instruction, the charge relative to the necessity of corroboration and the extent to which the accomplice witnesses were to be corroborated was without application in the absence of a finding that Watkins was an accomplice witness. If the jury concluded that Watkins was not an accomplice witness, then they were at liberty, under the charge of the court, to convict appellant upon the uncorroborated testimony of the accomplice witnesses Boyt, Vincent and Wilson. The opinion is expressed that the charge presents reversible error.

Appellant further objected to the charge touching corroboration of the accomplice witnesses on the ground that the jury were instructed therein that the testimony of the accomplices must "tend" to connect the appellant with the offense charged. The vice in the charge is that the accomplices' testimony must "tend to connect." In condemning a similar charge, this court in Oates v. State, 51 Texas Crim. Rep., 449, 103 S. W., 859, 861, used language as follows: "It authorizes the conviction of appellant upon the testimony of an accomplice which 'tends' to show that appellant committed the offense charged, provided he is corroborated by evidence 'tending' to connect the defendant with the offense. So this charge, condensed, may be stated to announce the proposition that, if an accomplice detailed evidence which 'tends' to show an accused party guilty, it is sufficient, provided there is corroboration tending to connect the defendant with the offense charged. So we have in the place of evidence which must prove beyond a reasonable doubt the guilt of the accused, facts from two sources, one legally discredited, which tends to show guilt. This is not legally sufficient. Facts must do more than 'tend' to show guilt. They must be cogent enough to overcome the presumption of innocence and reasonable doubt."

In condemning a similar charge in Grant v. State, 60 Texas Crim Rep., 358, 132 S. W., 350, 352, this court, speaking through Judge Ramsey, used language as follows: "Nor do we think that the ingenious argument of our able Assistant Attorney General is correct that, since in this case the testimony of the accomplice comprises within itself every fact essential to conviction, the charge should therefore be sustained. That

this consideration would have weight with a legal mind trained in weighing testimony and construing charges may be true. But we doubt if the average jury would so interpret and consider the case."

See, also, Sealey v. State, 120 Texas Crim. Rep., 260, 47 S. W. (2d) 295.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.