### R. L. BASS v. THE STATE.

No. 15981.   Delivered May 31, 1933.
Rehearing Granted June 23, 1933.
Reported in 62 S. W. (2d) 127.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, four years in the penitentiary.

The state depended chiefly on the testimony of accomplice Poland. In his charge the court told the jury they could not convict on Poland's testimony, unless they found it to be true, "and that it connects the defendant with the commission of the offense charged," and that there was other testimony beside accomplice testimony corroborating Poland, and tending to connect appellant with the commission of such offense, and that from all the testimony they must believe beyond a reasonable doubt that appellant was guilty. Appellant has an exception to that part of said charge quoted above, and says it is not correct to charge that a conviction may be had on the testimony of an accomplice, which "connects the accused with the offense."

It is to be regretted that a matter so often criticised and discussed must still be contended before this court. The charge in Campbell v. State, 57 Texas Crim. Rep., 301, in the particular here attacked, is not correct and should not be given, and exception thereto requires that the facts be analyzed in order to see if such incorrect charge be harmful, and therefore cause for reversal. See Abbott v. State, 94 Texas Crim. Rep., 31; Anderson v. State, 95 Texas Crim. Rep., 353; Watson v. State, 90 Texas Crim. Rep., 583.

In the case before us, as in those cited, the facts show that the testimony of the accomplice, if true, made out a complete case of guilt against appellant; hence the charge was not reversible.

The court submitted to the jury the issue as to whether Thomas was an accomplice, and we infer from the verdict that they found he was not. Appellant cites many cases in his brief where the court told the jury not to convict on the accomplice testimony unless they believed the testimony of the accomplice "tended to connect" the accused with the offense. See Alsup v. State, 49 S. W. (2d) 749; Oates v. State, 51 Texas Crim. Rep., 449. All such charges are wrong, but we see no application thereof to the instant case, inasmuch as the court did not tell the jury they could not convict unless the testimony of the accomplice "tended" to connect, etc.

Not being able to agree with appellant's contention, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant was convicted of

the theft of $1600.00 which was in the safe on a railroad train in custody of the conductor, W. A. Gooden. While the train was en route, the safe was opened and the money stolen.

Poland, the accomplice, testified for the state to the effect that he, the appellant, and C. M. Jones, were coconspirators in effecting the theft. Poland was a brakeman on the train which carried the safe containing the money. Poland testified that by false pretense he secured from the conductor the key to the safe and took an impression of the key. The pattern was delivered to Jones, who made, or caused to be made, from it the key with which the safe was unlocked. Poland agreed to notify the appellant and Jones when the safe was in such condition that it might be opened without detection and the money extracted. According to his testimony, Poland performed his office and saw the appellant enter the car in which the safe was situated and leave with a package in his arm. The money was divided between the appellant, Jones, and Poland.

The corroboration of Poland comes from the witness Thomas, a brother-in-law of Jones. Thomas testified that he made a key for Jones from a pattern drawn on a blotter which he had received from Jones. Some days after delivering the key, Thomas learned of the theft. Thomas testified further that about a week after hearing of the robbery he had a conversation with Jones, and was told by him that the key which had been made for him was used by the appellant and Poland, the accomplice, in getting the money from the safe. He also testified that he had a conversation with the appellant about the transaction and that appellant said: "Claud told you about us getting the money, I guess." Thomas replied: "Yes, he is telling everybody around, and he is going to get us into it." Appellant told Thomas that they had gotten $1600.00. He offered to lend Thomas some of the money, and did lend Thomas $150.00 which he returned to the appellant in something over a month. The money received from appellant was mostly in twenty dollar bills. He warned Thomas to be careful in using or spending the money, particularly with reference to spending it around Jones. Appellant said in a conversation with Thomas that it was an "easy job" and that they got it before breakfast; that he got $533.00 out of the robbery.

Thomas further testified that after making the key for Jones, he was told by him that the key worked all right, and that with it they had gotten the money from the safe. It was after that conversation with Jones that Thomas got $150.00

from the appellant. Thomas was told by appellant that the key broke off in the lock of the safe.

In the trial of the appellant, an instruction was given to the jury that Jones was an accomplice as a matter of law; but the status of Thomas, as to whether he was an accomplice or not, was left to the jury in the charge of the court. It is the appellant's contention that Thomas was also an accomplice as a matter of law, and that the conviction was based upon the corroboration of Jones by the accomplice Thomas. That upon his testimony, Thomas was an accomplice seems not open to serious question. See Dooley v. State, 7 S. W. (2d) 96; Haynes v. State, 18 S. W. (2d) 1081. The absence of any explanation or proof of any circumstance which exculpates Thomas from knowingly receiving part of the money which was acquired in the theft, establishes the fact that he was an accomplice as a matter of law.

The motion for rehearing is founded and stressed upon the theory and contention that, Thomas being an accomplice as a matter of law, the court was in error in failing to instruct the jury to that effect. No corroborative facts are found in the record except those given by the accomplice witness. As the conviction now stands, the principal witnesses (Jones and Thomas) are both accomplices. Upon review of the facts, the opinion is entertained and expressed that, in failing to instruct the jury that Thomas was an accomplice, there was error committed which demands a reversal of the judgment of conviction. For that reason, the motion for rehearing is granted, the affirmance is set aside, the judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*