FLOYD LACKEY V. STATE.

No. 29,752. May 14, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 18, 1958.

George T. Thomas, Big Spring, for appellant.

*Leonard Howell,* County Attorney, Midland, and *Leon Doug-las,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for aggravated assault; the punishment, 9 months in jail and a fine of $250.00.

The information charged appellant with the commission of an aggravated assault upon Winfred Taylor Alexander by striking him with his hands and fists and inflicting serious bodily injury upon him.

The evidence shows that the injured party named in the information was deceased, having died as the result of certain injuries to his brain from being struck on the head by appellant with his fists.

The state's testimony shows that on the night in question the appellant, with three companions, went to a dance hall on the outskirts of the city of Midland. Around midnight, appellant was forceably ejected from the hall and taken outside by three men who were working at the place as floor bouncers. When outside of the building, one of the men proceeded to hit and beat appellant on the head with a flashlight while another held his hands behind him. After the beating the men went back inside the building and appellant went to his automobile parked nearby where he brushed off his hat and put on his shirt, which had been torn off in the scuffle. In approximately five minutes the men again came out of the building carrying the deceased and after standing him up at the corner of the building turned to walk inside. Thereupon, appellant walked to where the deceased was standing, grabbed him by the waist, threw him to the ground, straddled his body and proceeded to beat him on the head with his hands and fists for some 4 or 5 minutes, during which assault the deceased made no resistance. Appellant then left the premises with his three companions and the deceased was carried to the hospital.

In his written statement made to a special investigator for the district attorney following his arrest appellant stated that after he had been beaten by the men, they came back and shoved a man off the porch, "and I thought the man they shoved off the porch was a floor bouncer. I got out of the car and came up there and hit the man they shoved off the porch. I was pretty drunk at the time, and I was very, very mad because four of them had

jumped on me and beat me about ten minutes before — two held me while two hit me. I wanted to get even with them. I hit him with my fist in the face and knocked him down. When I knocked him down I got on top of him and hit him about twice*t*. I hit him in the face with my fists."

Upon the trial, while testifying as a witness in his own behalf, appellant related his version of being ejected from the dance hall by the men and admitted that he knocked the deceased down and struck him several times with his fists. He stated that his purpose in leaving his car and going back towards the dance hall immediately prior to his fight with the deceased was to look for his friends and leave. In describing his difficulty with the deceased, appellant testified: "Q   Tell us what happened when you walked back up there. A.   Well, this guy come toward me and I couldn't see. Blood in my eye I guess. I was groggy and this guy walked toward me and I thought he was a floor bouncer and thought he was going to hit me some more and we got in a fight. Q.   Do you remember whether he hit you or you hit him first? A.   I can't answer that because I don't remember, Mr. Thomas. Q.   One of the witnesses testified that you all collided with each other. Do you remember that? A.   We might have, because I remember his coming toward me and I might have — he might have hit me and I might have thought he was a floor bouncer. Q.   Do you remember fighting him? A.   Yes, sir, I did."

The court in his charge instructed on the law of self-defense and submitted to the jury the issue of appellant's right of self-defense against both a deadly attack and an attack less than deadly.

Appellant objected to the instructions on various grounds and insists that because of certain errors therein the conviction should be reversed and the cause remanded. The state contends that the issue of self-defense was not raised by the evidence and therefore any errors in the court's instructions on the issue was harmless. Appellant concedes that any errors in the charge on self-defense are immaterial unless the issue was raised.

Upon a careful consideration of the record we are of the opinion that the issue of self-defense was not raised by the evidence.

There is no testimony that prior to the difficulty the deceased spoke any words, did any act, or made any demonstration of

hostility toward the appellant, other than, as testified by appellant, to walk toward him. There is no testimony that the deceased was armed at the time. To render a homicide justifiable in self-defense under Art. 1222, V.A.P.C., the person attacked must actually believe that he is in danger of death or serious bodily injury at the hands of his assailant and must have reasonable grounds for so believing. 22 Texas Jur. para. 42, p. 442. It is not enough that the party believe himself in danger unless the facts and circumstances were such that the jury could say he had reasonable grounds for his belief. 4 Branch 2d Ed., p. 422, para. 2102. Surges v. State, 88 Texas Cr. Rep. 288, 225 S.W. 1103. The facts presented would not have supported a finding by the jury that appellant had reasonable grounds for believing that he was in danger of death or serious bodily injury at the hands of the deceased. Therefore, the issue of self-defense against a deadly attack was not raised. The issue of self-defense under Art. 1224, V.A.P.C., against an attack less than deadly clearly was not raised by the evidence because of the absence of any testimony showing that at the time of the difficulty the deceased was making an actual attack upon the appellant. Montes v. State, 163 Texas Cr. Rep. 416, 291 S.W. 2d 733.

While the case of Wilton v. State, 70 Texas Cr. Rep. 355, 156 S.W. 1185, cited by appellant supports his contention that he had a right to view the situation from the standpoint of his prior difficulty with the men who had ejected him from the building and in his belief that the deceased was one of them, the facts in the Wilson case show that the deceased whom the accused mistook to be one with whom he had prior trouble, did certain acts and made certain demonstrations toward the accused which were sufficient to raise the issue of self-defense.

Finding the evidence sufficient to support the conviction and no reversible error appearing;

The judgment is affirmed.

Opinion approved by the Court.