**Leroy FIELDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41182.**

Court of Criminal Appeals of Texas.

April 24, 1968.

Brown, Shuman & Harding, by Clifford W. Brown, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., Thomas J. Purdom, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for murder; the punishment, life imprisonment.

The state, in presenting its case against appellant, called six witnesses.

Sgt. Gene Carpenter, of the Slaton police department, testified that on the morning of October 31, 1966, in response to a call, he and a fellow officer went to an area in the city called "the flats," around 7:55 a.m., where they found the deceased's dead body lying near a car parked on Edwards Street.

It was shown by the testimony of Dr. John P. Ray, Jr., that the cause of death was a gunshot wound through the heart.

Rose Nell Busby testified that on the night of October 30, 1966, she was at the Layton-Hardrick Hotel in Slaton. The appellant and others were also present. Around 2 a.m., the deceased came to the hotel. Appellant asked the witness to ob-

tain a date with the deceased and get him to leave with her. He also told the witness that he and Johnny Stone were going to rob the deceased and for her to get the latter down on New Mexico Street and they would "come down behind us." About this time, Wanda Fay LeGrand came in and the witness was instructed by appellant to tell the deceased they were going to take Wanda Fay home. At this juncture the witness Busby, Wanda, and the deceased got in his car and departed from the cafe. They first drove down New Mexico Street and then stopped on Edwards. After they stopped, appellant and Stone came up and proceeded to drag the deceased out of the car and beat him. When the deceased fell to the ground, the appellant began searching his pockets. Stone then went to the back of the car and returned with a rifle. After he hit the deceased on the forehead with the butt of the gun, appellant took the rifle from Stone and shot the deceased while he was lying on the ground. Rose Nell testified that after the shooting, "Well, we all started wiping fingerprints off the car." All then left.

Wanda Fay LeGrand testified that she was present at the hotel on the night in question and appellant asked her to pretend that she was "going to have that man [the deceased]." Her reply to appellant was, " 'No.' " Later, when the witness was getting ready to leave, Rose Nell asked her if she wanted a ride home. After replying that she did, the witness left the hotel with the deceased and Rose Nell. She related that after the deceased had stopped his car on Edwards Street appellant and Stone appeared upon the scene, pulled the deceased out of the car, began beating him, and the shot was fired. Wanda Fay testified that when she left the hotel with the deceased and Rose Nell she did not know that appellant and Stone were to follow. She further stated that after leaving the hotel, Rose Nell told her in "pig language" that they were going to follow but that she did not know "exactly what was fixing to happen."

Upon being recalled as a witness, Rose Nell testified that when Wanda Fay got in the car at the hotel she [Wanda Fay] knew what the purpose was in taking the deceased down the street.

Vira Lois Collier testified that on the night in question she was at the hotel. Appellant asked her "About going" with the deceased. She refused. Later, she observed Rose Nell, Wanda, and the deceased go outside. When she went out on the porch they were not in sight, but she saw the appellant and Stone walking down New Mexico Street. In about an hour and a half the appellant, Stone, Rose Nell, and Wanda Fay returned to the hotel without the deceased.

Frances Busby, called by the state, testified that she heard appellant talking to the deceased about Rose Nell selling her body to him and that later she saw the deceased leave the hotel in a car with the two girls. She stated that appellant and Stone then left the hotel and later the four returned without the deceased.

In his charge on the issue of guilt or innocence, the court instructed the jury that the witness Rose Nell Busby was an accomplice, and submitted to the jury the question of whether Wanda Fay LeGrand was an accomplice.

The jury was further charged on the proof required to convict upon accomplice testimony.

Among the objections presented by appellant to the charge were that the court failed to instruct the jury that the witness Wanda Fay LeGrand was an accomplice as a matter of law and also failed to instruct the jury that one accomplice cannot corroborate another accomplice.

■ We perceive no error in the court's failure to instruct the jury that the witness Wanda Fay LeGrand was an accomplice witness as a matter of law, as a fact issue was raised which the court properly submitted to the jury for their determination.

We do, however, find error in the court's failure to instruct the jury that one accomplice witness cannot corroborate another accomplice witness.

Art. 38.14 of our Code of Criminal Procedure (formerly Art. 718) provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

In 2 Branch's Ann.P.C.2d 44, Sec. 747, it is stated:

"When more than one accomplice testifies for the State, the court should charge the jury that one accomplice cannot corroborate another. Heath v. State, 7 App. [464] 465; Harrison v. State, 17 App. 442; McConnell v. State [Tex.Crim. App.], 18 S.W. 645; Whitlow v. State [Tex.Crim.App.], 18 S.W. 865; Eddens v. State, 47 Crim. 529, 84 S.W. 828; Franklin v. State, 53 Crim. [547] 549, 110 S.W. 909; Guiterrez v. State, 76 Crim. 189, 173 S.W. 1025; Wilson v. State, 94 Crim. 348, 250 S.W. 1033; Wright v. State, 140 Crim. 120, 143 S.W.2d 394."

In Alsup v. State, 118 Tex.Cr.R. 388, 39 S.W.2d 902, this court, in reversing a conviction for the court's failure to instruct the jury that one accomplice could not corroborate another, cited many of the early cases enumerated in Branch in support of its holding.

In Manley v. State, 138 Tex.Cr.R. 379, 136 S.W.2d 613, this court reversed a conviction for two reasons, one of which was the court's failure to instruct the jury that one accomplice could not corroborate another—for which the state confessed error.

■ Such an instruction is required where one witness is an accomplice and another may be found to have been. Simms v. State, 98 Tex.Cr.R. 352, 265 S.W. 897; Franklin v. State, 53 Tex.Cr.R. 547, 110 S. W. 909.

We are unable to agree with the state's contention that the instruction was not required because there was other evidence to corroborate the accomplice Rose Nell Busby beside that of Wanda Fay LeGrand. The main testimony against appellant was that of the two witnesses, one of whom, under the court's charge, was an accomplice as a matter of law, and the question of whether the other was an accomplice was for the jury. Under the record, the jury should have been told by the court in his charge on accomplice testimony that one accomplice witness could not corroborate another.

For the error pointed out, the judgment is reversed and the cause is remanded.