

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00164-CR

**CHRISTOPHER ALLEN PHILLIPS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2011-939-C1**

## MEMORANDUM  OPINION  ON  REMAND

A jury convicted Appellant Christopher Allen Phillips of aggravated robbery and assessed his punishment, enhanced by a prior felony conviction, at life imprisonment.  In his first issue in his initial appeal, Phillips asserted that the trial court erred by failing to include a jury charge instruction pursuant to the jailhouse-witness corroboration statute, Article 38.075(a) of the Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.075(a) (West Supp. 2014).  We held that the trial court did not err, concluding that Article 38.075(a) did not apply because the jailhouse witnesses did not testify to any

statements made by Phillips that were "statements against [Phillips's] interest." *Phillips v. State*, 436 S.W.3d 333, 337-38 (Tex. App.—Waco 2014), *rev'd*, 463 S.W.3d 59 (Tex. Crim. App. 2015). Accordingly, we overruled Phillips's second and third issues because both depended upon the application of Article 38.075(a). *Id.* at 340. We also overruled Phillips's fourth issue, concluding that the trial court did not abuse its discretion in admitting State's Exhibit No. 24 over Phillips's authentication objection, and his fifth issue, deciding that Phillips failed to preserve the issue for review. *Id.* at 340-41.

Phillips filed a petition for discretionary review, arguing that we erred in holding that Article 38.075(a) did not apply in this case, thereby overruling his first three issues on appeal. The Court of Criminal Appeals granted Phillips's petition and held that, regarding Phillips's first issue, the trial court erred by not including an Article 38.075(a) instruction in the jury charge. *Phillips*, 463 S.W.3d at 68. The court concluded that Phillips's statements to the jailhouse witnesses were indeed "statements against [Phillips's] interest" because the statements could "most certainly be interpreted as being adverse to his position." *Id.* The court therefore vacated our judgment and remanded the case for us to conduct a harm analysis under the *Almanza* standard and to address Phillips's second and third issues raised on appeal. *Id.* at 68-69.

Like Phillips's first issue, Phillips's second and third issues are additional complaints about the jury charge. In reviewing a jury-charge issue, we first decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error is found, we then determine whether the error caused sufficient harm to warrant reversal. *Id.*

**Issue No. 2**

In his second issue, Phillips contends that the trial court erred by not including an instruction in the jury charge that the testimony of the jailhouse witnesses could not corroborate each other.

The accomplice-witness corroboration statute, Article 38.14 of the Code of Criminal Procedure, states: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed . . .". TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). The Court of Criminal Appeals has construed this statute such that the testimony of one accomplice witness cannot corroborate that of another. *See Chapman v. State*, 470 S.W.2d 656, 660 (Tex. Crim. App. 1971). The Court of Criminal Appeals has also held that such a jury charge instruction is required when the situation exists. *See Fields v. State*, 426 S.W.2d 863, 865 (Tex. Crim. App. 1968).

"Just as Article 38.14 was enacted to address how to handle accomplice-witness testimony, Article 38.075 was enacted to similarly address the unreliability of jailhouse-witness testimony." *Phillips*, 463 S.W.3d at 67. Article 38.075 provides:

> A defendant may not be convicted of an offense on the testimony of a person to whom the defendant made a statement against the defendant's interest during a time when the person was imprisoned or confined in the same correctional facility as the defendant unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed. . . .

TEX. CODE CRIM. PROC. ANN. art. 38.075(a). We have held that the standard for corroboration of jailhouse-witness testimony under Article 38.075 is the same as that

required for corroboration of accomplice-witness testimony under Article 38.14. *Watkins v. State*, 333 S.W.3d 771, 778 (Tex. App.—Waco 2010, pet. ref'd); *see Ruiz v. State*, 358 S.W.3d 676, 680 (Tex. App.—Corpus Christi 2011, no pet.). We therefore conclude that, like accomplice witnesses under Article 38.14, the testimony of one jailhouse witness under Article 38.075 cannot corroborate that of another. We further conclude that the trial court erred by not including such an instruction in the jury charge. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007) (stating that trial court must provide jury with "written charge distinctly setting forth the law applicable to the case").

## Issue No. 3

Phillips's third issue contends that the trial court erred by not including an instruction in the jury charge that the testimony of the jailhouse witnesses could not corroborate the testimony of the accomplice. Such a limitation is not included in either the jailhouse-witness corroboration statute or the accomplice-witness corroboration statute. *See* TEX. CODE CRIM. PROC. ANN. arts. 38.075, 38.14. Moreover, Phillips cites no authority, and we have found none, supporting such a limitation or requiring that such an instruction be given. We therefore conclude that the trial court did not err by not including an instruction in the jury charge that the testimony of the jailhouse witnesses could not corroborate the testimony of the accomplice. Phillips's third issue is therefore overruled.

## Harm Analysis

We must now conduct a harm analysis under the *Almanza* standard because the Court of Criminal Appeals held that, regarding Phillips's first issue, the trial court erred

by not including an Article 38.075(a) instruction in the jury charge and because we have held that, regarding Phillips's second issue, the trial court erred by not including an instruction in the jury charge that the testimony of one jailhouse witness under Article 38.075 cannot corroborate that of another. *See Phillips*, 463 S.W.3d at 68-69; *Ngo*, 175 S.W.3d at 743.

Article 38.075 instructions inform the jury that it cannot use jailhouse witnesses' testimony unless there is independent evidence tending to connect the defendant to the offense. *Brooks v. State*, 357 S.W.3d 777, 781 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 38.075(a). "Once it is determined that such … evidence exists, the purpose of the instruction is fulfilled, and the instruction plays no further role in the factfinder's decision-making." *Brooks*, 357 S.W.3d at 781 (quoting *Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002) (addressing accomplice-witness corroboration statute)). Therefore, the existence of corroborating evidence "tending to connect" appellant to the offense can "render harmless" the trial court's failure to submit an Article 38.075 instruction by fulfilling the purpose that such an instruction is designed to serve. *Id.* at 781-82 (citing *Herron*, 86 S.W.3d at 632).

Under *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g), the appropriate harm analysis for jury charge error depends on whether the defendant preserved error by bringing the improper omission to the trial court's attention. *Brooks*, 357 S.W.3d at 782 (citing *Herron*, 86 S.W.3d at 632). The difference in the harm standards impacts how strong the corroborating evidence must be for the error in omitting the instruction to be considered harmless. *Id.* (citing *Herron*, 86 S.W.3d at 632). In this case,

because Phillips did not object to the charge, error will not result in reversal of his conviction in the absence of "egregious harm." *Almanza*, 686 S.W.2d at 171. Under the egregious harm standard, the omission of the instruction is generally harmless unless the corroborating evidence is "'so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive.'" *Brooks*, 357 S.W.3d at 782 (quoting *Herron*, 86 S.W.3d at 632) (quoting *Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991))).

Eliminating all of the jailhouse-witness testimony, there is still substantial evidence "tending to connect" Phillips with the offense.[1] About thirty minutes after the aggravated robbery of the beauty salon, a credit card from the victim's stolen purse was used at a gas station, and it was caught on surveillance video. Surveillance showed Phillips getting into the passenger seat and his accomplice getting into the driver's seat of a car matching the description provided by a witness at the scene of the aggravated robbery. Hewitt Police Detective Brad Bond testified, "They [Phillips and his accomplice] would have had to go straight there [the gas station] without making any stops in order to get there in time." The accomplice used the victim's credit card, and Phillips was next to him when he used it. Detective Bond testified that Phillips matched the description given of the actual robber.

In addition to the foregoing evidence, Phillips's accomplice testified as follows: He was driving with Phillips as his passenger when Phillips saw the beauty salon and

---

[1] Because the factual background is set out thoroughly in our initial opinion and in the Court of Criminal Appeals' opinion, we will not repeat it. Instead, we will only discuss the evidence relevant to resolving Phillips's issues.

told him to pull in. The accomplice pulled in and parked his car backwards while Phillips put on gloves and a hoodie. When Phillips got out, the accomplice waited. He said Phillips was in the salon about four or five minutes at the longest. Phillips came out of the salon and had a purse in his hand. They then drove off and went to the gas station, where he used the credit card.

The accomplice further testified that several days after the robbery, he was stopped and arrested because he had warrants. McGregor Police Officer Kelly Dunlap inventoried his vehicle and found a purse between the passenger seat and the center console, "shoved down almost against the floorboard." The contents of the purse belonged to the victim and her beauty salon. The accomplice called his cousin and told him to call Phillips after he was arrested. They "[u]sed a three-way." The accomplice was mad at Phillips and told him that he had been arrested because Phillips left the black bag from the purse in his car.

We do not believe that this evidence is "so unconvincing in fact as to render the State's overall case for conviction clearly and significantly less persuasive" without the jailhouse-witness testimony. *See Brooks*, 357 S.W.3d at 782 (quoting *Herron*, 86 S.W.3d at 632) (quoting *Saunders*, 817 S.W.2d at 692)). Accordingly, the trial court's failure to properly instruct the jury pursuant to Article 38.075 did not egregiously harm Phillips. We overrule Phillips's first and second issues.

Having overruled all of Phillips's issues, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed November 19, 2015
Do not publish
[CRPM]