### TOM MANSFIELD v. THE STATE.

#### No. 5153.    Decided October 30, 1918.

**1.—Selling Intoxicating Liquors Without License—Newly Discovered Evidence.**

Where it was not made to appear in defendant's motion for new trial that the evidence was newly discovered and was unknown to the defendant before the trial, and would have produced a different result, there was no error in overruling the motion.

**2.—Same—Accomplice—Charge of Court.**

The contention that the State's testimony was given by accomplices was untenable; besides, there was no complaint of the failure of the court to charge thereon, and there was corroboration, and there was no reversible error.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of selling intoxicating liquors without license; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of the offense of selling intoxicating liquors without a license and punishment assessed at confinement in the penitentiary for two years.

The prosecution is under article 611 of the Penal Code as amended by chapter 5 of Acts of the Thirty-fifth Legislature, Fourth Called Session, which amendment makes the sale directly or indirectly of intoxicating liquors in quantities less than a gallon by any person other than a licensed dealer a felony punishable by confinement in the penitentiary from two to five years.

The indictment charges a sale by appellant directly to Jerry Thomas

and in another count a sale by appellant indirectly to Jerry Thomas of a pint of whisky. Thomas and one Upchurch were together. Thomas testified that appellant handed him a bottle of whisky and that the witness gave appellant the money for it, that before he and Upchurch were able to drink any of it an officer took possession of it. Upchurch testified to substantially the same thing. Both of them identified the bottle of whisky, which was produced at the trial. The officer referred to also identified the whisky and testified that he did not see the money pass but saw the whisky pass.

Both counts in the indictment were submitted to the jury and a general verdict was rendered.

On a motion for new trial appellant produced the affidavits of the two witnesses Thomas and Upchurch to the effect that they were together at the time the whisky was purchased from appellant; that the money paid appellant belonged to Upchurch, who handed it to Thomas, and Thomas in his affidavit says that appellant approached him and Upchurch and asked them if they wanted to get something to drink, and receiving an affirmative answer the witness handed appellant $1.50 and he took a bottle of whisky out of his pocket and handed it to the witness. That the $1.50 had been given him by Upchurch with which to buy some whisky. Upchurch's affidavit is substantially the same. Appellant, based on these affidavits, contends that this is newly discovered evidence and of such a material character as to require reversal in that it would appear therefrom that the sale was not made to Thomas, the person named in the indictment. It is not made to appear that the evidence was newly discovered; that is, it does not appear that the facts set out in the affidavits were unknown to appellant before the trial. Both of the witnesses making the affidavits testified on the trial. Nor do the facts set up in the affidavits sustain the contention that they would have produced a different result.

The transaction as detailed in the affidavits would sustain the allegations in the indictment.

The proposition that there is evidence that Thomas and Upchurch were military police and that the transaction was pursuant to their efforts to entrap bootleggers does not render the evidence insufficient upon the ground that they were accomplices. See Walker v. State, 72 S. W. Rep., 987; also Vernon's P. C., p. 49. There is no complaint of failure to charge upon the law of accomplice's testimony and if that rule applied the testimony of the police officer furnished corroboration.

Finding no errors in the record the judgment of the District Court is affirmed.

*Affirmed.*