## STERLING v. STATE. (No. 6995.)

(Court of Criminal Appeals of Texas. Feb. 28, 1923.)

**1. Criminal law ⬤⟿507(4)—Officer, arranging with porter of hotel to send prostitute to his room, held accomplice.**

In a prosecution for procuring, an officer who went to a hotel and arranged with a porter to send a woman to his room for illegal sexual purposes, *held* an accomplice.

**2. Criminal law ⬤⟿780(1)—Proper to charge that conviction cannot be had on testimony of accomplice alone.**

When the state relies for conviction upon the testimony of an accomplice, it is always proper to tell the jury that a conviction cannot be had on such testimony, unless there be other evidence in the case than that of the accomplice, which of itself tends to connect the accused with the commission of the offense.

**3. Criminal law ⬤⟿511(1)—Method of determining whether testimony, exclusive of that of accomplice, sufficient to corroborate him stated.**

To determine whether the testimony exclusive of an accomplice be sufficient to corroborate him, the testimony of the accomplice should be omitted from consideration, and the remaining testimony sifted and considered to determine if it points to the guilt of accused.

**4. Criminal law ⬤⟿511(1)—Evidence held insufficient to corroborate testimony of accomplice in prosecution for procuring.**

In a prosecution for procuring, evidence of an officer that he went to a hotel, where accused was employed as porter, and that accused sent to his room at the officer's request a woman for illegal sexual purposes, *held* insufficiently corroborated.

Appeal from Tarrant County Court, at Law; P. W. Seward, Judge.

Jesse Sterling was convicted of procuring, and he appeals. Reversed and remanded.

Baskin, Dodge & Beene, of Fort Worth, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the county court at law of Tarrant county of procuring, and his punishment fixed at a fine of $50 and 30 days in the county jail.

The principal state witness was an officer in the city of Fort Worth, who went down to the hotel at which appellant was employed as porter, went in, and accosted the appellant and told him that he wanted a room and was told to register, he asked what it would cost, and was told a dollar, which he paid, and, according to his own testimony, he then asked appellant, "Have you got any women here?" and appellant told him that he had, and would get him one. This witness further testified that later a woman came to his room, and that he asked her what her price was, and that she told him, but that she was in a hurry and could not stay with him at that time, but would come back later, and she left, and he left.

[1-4] The trial court correctly instructed the jury that said officer was an accomplice. The question is raised as to the sufficiency of the testimony. Where the state relies for a conviction upon the testimony of an accomplice, it is always proper to tell the jury, as was done in this case, that a conviction cannot be had on such testimony unless there be other evidence in the case than that of said accomplice, which of itself tends to connect the accused with the commission of the offense. It is a well-known method of reasoning in cases wherein the court is called upon to determine if the testimony exclusive of that of the accomplice be sufficient to corroborate him, and we omit from our consideration the testimony of said accomplice, and consider and sift the remaining testimony to see if it point to the guilt of the accused. We have done so in the instant case. Appellant was unquestionably employed at said hotel as a porter. The woman whom it is charged that he allured and procured for illegal purposes was shown by the uncontradicted testimony of a number of witnesses to be a woman of good reputation for virtue and chastity and to be a working woman. She testified in behalf of appellant, and swore that he came to her room and told her that there was a gentleman in room 14 who said he knew her and wanted to see her. She said she went to the door of room 14, and, observing the officer in there, and that he was a strange man, she asked him what it was that he wanted, and according to her testimony he made some proposals to her which she rejected, and whereupon she went back to her room and left the hotel. Appellant testified that the officer came to the hotel and registered, and that he was accompanying said officer to the room assigned to him when said officer saw the woman in the case and said to appellant that he believed he knew her and would like very much to see her. Appellant said he told the officer he would go and inform her of this fact, which he did. The only state witness who testified aside from that of the officer above mentioned was a policeman, who testified that on the date in question the officer above mentioned met him on Sixth street and said, "Let's go up," and that he went up into the hotel above referred to and arrested the appellant. He further testified that he did not see the woman in question in the hotel at that time, but did see her on another occasion; that appellant was employed as porter at said hotel. He gave in evidence no cir-

cumstance tending to corroborate the state's accomplice witness.

We have gone through this record carefully, and find ourselves unable to assent to the proposition that there is testimony, aside from that of the officer mentioned, which tends to connect the accused with the offense of procuring or alluring a female to come to a room in the Endicott Hotel in Fort Worth for illegal sexual purposes.

The judgment is reversed, and the cause is remanded.