N. C. DOOLEY v. THE STATE.

No. 11659.   Delivered May 30, 1928.

The opinion states the case.

*Oliver Cunningham* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft of cattle, the punishment confinement in the penitentiary for two years.

Joe Totten testified to the loss of two calves. Appellant was an employee on Totten's ranch. Two hides, which were identified by the injured party as having come from the stolen animals, were found in the vat of a produce house in Abilene. It was learned that Tom Prine took the hides to the produce house. Prine testified for the state that he had found two black and white marked calves in his butcher pen; that he did not know at the time to whom they belonged, but, supposing that someone had left them there to be butchered, he proceeded to butcher and skin said animals; that he took the meat to the cold storage vault of the Western Produce House; that he sold the hides and meat; that on the way to make the sale, appellant accosted him and advised him that the calves belonged to him and told him to sell the meat; that he received a check for the meat, payable to appellant; that he delivered the check to the sheriff. The recovered hides showed that both ears had been cut off of the animals, and it appeared that they had been freshly cut. The check, which had been made payable to appellant, was introduced in evidence. It was not shown that appellant had ever received the check. Appellant did not testify in his own behalf.

Appellant timely objected to the failure of the court to submit to the jury the question as to whether or not the witness Prine was an accomplice. The possession of the stolen animals under the circumstances reflected by the record would, in our opinion, have justified the jury in believing that the witness Prine was an accomplice. His testimony was essential to a conviction. When applied to evidence the term accomplice means a person who, either as a principal, accomplice, or accessory, is connected with the crime by an unlawful act or omission upon his part, transpiring either before, at the time of, or after the commission of the offense, and whether or not he was present and participated in the crime. Johnson v. State, 125 S. W. 16; Polk v. State, 131 S. W. 580.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.