H. C. Haynes v. The State.

No. 12629.   Delivered June 19, 1929.

The opinion states the case.

*F. S. Jones* of Beaumont, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is theft of property over the value of fifty dollars; the punishment confinement in the penitentiary for two years.

The Peden Iron & Steel Company had a place of business in the city of Beaumont where they sold pipe.   About the 23rd of February, 1928, said company lost six joints of 10-inch pipe, the value thereof being more than fifty dollars.   It does not appear that this pipe was ever recovered by the company.   On February 27th of the same year the Standard Oil Field Supply Company of Houston, Texas, bought from appellant some pipe of the same description as that lost by the Peden Iron & Steel Company.   No one connected with the Peden Iron & Steel Company ever looked at the pipe delivered by appellant to the Standard Oil Field Supply Company and it does not appear from the record that said pipe was identified as being the property of the Peden Iron & Steel Company.   A witness for the State testified that he went with appellant on the 23rd day of February, 1928, before daylight to the place of business of the Peden Iron & Steel Company, and with appellant's aid loaded six joints of 10-inch pipe on a truck owned by the witness and that they carried the pipe to the place of business of Standard Oil Field Supply

Company in Houston, where the witness unloaded it. This witness stated that he was in the hauling and trucking business and that appellant paid him for loading the pipe and delivering it to the company in Houston. He said that he thought the property belonged to appellant and did not have any reason to believe that appellant was stealing it. He testified that appellant paid him for the hauling but that he didn't remember whether he paid him one dollar or ten dollars.

Appellant timely and properly excepted to the failure of the court to submit to the jury the question as to whether or not the witness above referred to was an accomplice. We are of the opinion that the issue should have been submitted. When applied to evidence, the term "accomplice" means a person who, as a principal, accomplice, or accessory, is connected with the crime by an unlawful act or omission upon his part, transpiring either before, at the time of, or after the commission of the offense, and whether or not he was present and participated in the crime. Dooley v. State, 7 S. W. (2d) 97; Johnson v. State, 58 Tex. Cr. R. 244, 125 S. W. 16; Polk v. State, 60 Tex. Cr. R. 150, 131 S. W. 580. It is the general rule that where one who has taken part in the commission of an offense endeavors by his own testimony to show his innocent intent, his relation to the crime becomes a question of fact, and the jury must be called upon to determine whether or not he was an accomplice witness. However, when the innocent intent is shown without controversy by witnesses other than the supposed accomplice, an exception to the rule obtains. Pauly v. State, 246 S. W. 375. The witness was present and aided appellant in the commission of the offense. It is true that he denied any knowledge that appellant was stealing the property in question, but it was only by his own testimony that he endeavored to show his innocent intent. Hence the witness was not within the exception to the rule mentioned.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.