FRANK MORRISON v. THE STATE.

No. 12756. Delivered February 26, 1930.
Reported in 25 S. W. (2d) 617.

The opinion states the case.

*Edwin D. Guinn* and *Guinn & Guinn,* all of Rusk, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is obstructing a railroad track as denounced in Art. 1335, Penal Code; the punishment confinement in the penitentiary for two years.

Appellant and Walter Spencer had been working for the Connister Lumber Company. This company maintained a railroad from the mill plant to the camp, which was a distance of about ten or eleven miles. On the morning of the alleged offense, Spencer and appellant had been advised by the superintendent that their services would be no longer required. The parties left the place where they were working and walked along the railroad track to the lumber camp. Spencer testified in substance as follows: Appellant tore up a track drill, threw a switch and drove a spike between connecting rails on the main track. The spike was about six inches long and extended up above the rail about an inch. Spencer watched appellant drive the spike between the rails, but, according to his testimony, he did not aid appellant in any manner. He said he tried to keep appellant from placing the obstruction on the track. The parties went from the point where the spike had been driven to the mill, where they were paid off. Spencer said nothing to the employees of the mill about appellant's action in obstructing the railroad track. He said he told one Fenley about the matter two or three days after it happened.

Shortly after the obstruction had been placed on the track a train passed over it. The engineer testified that he saw the spike and slowed the train down to fifteen or twenty miles an hour and eased over the obstruction. He described the spike as being about five inches long and about "nine-sixteenths inches square." He said that there was no cross tie beneath the spike, and that when the train passed over the spike it pushed it down between the rails. The engineer expressed no opinion as to whether the spike was calculated to wreck the train.

Appellant admitted that he and Spencer were in the vicinity of the place where the obstruction was discovered, but denied that he had anything to do with driving the spike between the rails. He

testified that as he and Spencer were walking along the railroad track Spencer told him he was going to tear up the track; and that he told Spencer that he would not do it. He said that he walked away, leaving Spencer near the place where the spike was found, and that later Spencer caught up with him.

A witness for the state testified that appellant told her that he had torn up a drill and water pump belonging to the company. She said he did not say anything about having driven a spike between the rails.

The court failed to submit to the jury the issue of fact as to whether the witness Spencer was an accomplice. Timely and proper objection to the charge for its failure to submit such issue was interposed by appellant. We think, under the facts, the issue should have been submitted. When applied to evidence, the term "accomplice" means a person who, either as a principal, accomplice, or accessory, is connected with the crime by an unlawful act or omission upon his part, transpiring either before, at the time of, or after the commission of the offense, whether or not he was present and participated in the crime. Johnson v. State, 58 Tex. Cr. R. 244, 125 S. W. 16; Polk v. State, 60 Tex. Cr. R. 150, 131 S. W. 580; Dooley v. State, 7 S. W. (2d) 96. Spencer had been discharged along with appellant. According to his own testimony, he was present and watched appellant obstruct the railroad track. He went with appellant to the offices of the company where they received their pay. There, although he was cognizant of the fact that the lives of people might be endangered by appellant's act, he failed to tell anyone about the matter. He waited until three days after the offense had been committed before he disclosed the crime. While the mere fact that he knew that an offense had been committed and concealed his knowledge would not make the witness an accomplice, we are of the opinion that the evidence as a whole raises the issue as to whether he was an accomplice witness. Turner v. State, 16 S. W. (2d) 127.

It was incumbent upon the state to show that the obstruction might have endangered human life. Bullion v. State, 7 Tex. Cr. App. 462. The proof on this question is deemed insufficient. There was no tie beneath the spike. It was driven between connecting rails. The train passing over it at the rate of fifteen or twenty miles an hour pressed it down between the rails. None of the cars were thrown from the track, although it appears that they

were empty. No one testified that the obstruction was of such character as that it might have endangered human life.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.