proceeding." Ex parte McKay, 82 Tex. Cr. R. 225, 199 S. W. 637, 639.

See Ex parte McKay, 82 Tex. Cr. R. 221, and precedents cited on page 225, 199 S. W. 637, 639.

The appellant's conviction is for theft. John Murry was the owner of the property. He gave testimony for the state. The court instructed the jury that he was an accomplice and that his testimony without corroboration would not support the conviction. The appellant contends that the instruction that Murry was an accomplice implies, as a matter of law, that he consented to the taking of the property and therefore excludes the idea of theft. That the instruction given characterizes the judgment as void is deemed unsound. After the theft Murry may, by his conduct, for instance, of compounding the crime, have become an accomplice witness. If the position taken by the appellant were more plausible, however, no relief would be given him by way of habeas corpus. If the judgment is vulnerable, an appeal is his remedy.

A motion is made by the state to dismiss this proceeding upon the ground that the accused has appealed his case, entered into a recognizance, and is at large. A ruling upon the state's motion is pretermitted.

The proper disposition of the appeal having been made upon the original hearing, the appellant's motion is overruled.

## SCHLEGEL v. STATE.

### No. 13609.

Court of Criminal Appeals of Texas.
May 28, 1930.

Reynolds & Heare, of Shamrock, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for misdemeanor theft, punishment being assessed at a fine of $50 and thirty days' confinement in the county jail.

The record is here without statement of facts or bills of exception. Nothing is presented for review.

The judgment is affirmed.