CHARLIE LARGENT v. THE STATE.

No. 13692. Delivered November 19, 1930.
Reported in 32 S. W. (2d) 652.

The opinion states the case.

*Reynolds & Heare* of Shamrock, and *C. C. Fillmore* of Wheeler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

From Joe Stephens, an accomplice witness, there was introduced testimony to the effect that the appellant and several other persons were engaged in the manufacture of intoxicating liquor. Stephens was in the employ of Largent and his associates. The place was the abode of Stephens. Largent lived in the same neighborhood and was connected by marriage with Stephens. At the time the said raid was made, Stephens was there, as was also his wife. Largent, however, was not present. A quantity of whisky, material and apparatus for the manufacture of whisky were found upon the premises, and the evidence of the accomplice goes to show that the place was owned and prepared by the appellant and his confederates and conducted by them. Officers testified to the raid.

The wife of Stephens was introduced as a witness and gave testimony which the appellant claims was such as to characterize her as an accomplice witness as a matter of law. The court refused to so regard her but left the question to the jury. According to her testimony, she resided at the shack or dwelling-place of her hus-

band; that sawdust for coloring the whisky was burned in her cooking stove with her knowledge and cooperation; that she furnished flour for stopping leaks and crevices in the still; that she furnished utensils for dipping the whisky; that she frequented the still, which was in a dugout prepared by the help of her husband; that she knew of her husband's employment by the appellant; that she received from Warren, one of the confederates, twenty dollars in money which was part of her husband's pay; that she used it for purchasing needed things for her children; that she boarded Tom Wilder, the man who actually made the whisky and that he slept in a tent attached to their house; that she repaired the tent when it blew down; that she expected Wilder to pay her but that he did not do so; that after her husband's arrest and the day before the grand jury was to meet, she went with the appellant in his vehicle to Oklahoma on his promise to give her a certain sum of money. The testimony makes it manifest that the object of the trip was to prevent her from giving testimony before the grand jury. The appellant was arrested in Oklahoma at the place to which he and the witness went in his automobile.

The testimony given by Mrs. Joe Stephens to which reference is made above deemed such as to characterize her as an accomplice witness as a matter of law. See Penal Code, Art. 77; Littles v. State, 111 Tex. Cr. R. 500. An accessory is one who, knowing that an offense has been committed, conceals the offender or gives him any other aid in order that he may evade arrest or trial. Her testimony to the effect that she received money or was promised money to go to Oklahoma with the appellant for the purpose of evading her testimony before the grand jury if not such as to make her guilty as an accessory, would so demonstrate her criminal connection with the transaction as to characterize her as an accomplice witness as a matter of law. The evidence is much like that before the court in the case of Miller v. State, 263 S. W. 919; also Hooter v. State, 267 S. W. 714, to which reference is here made. See also Newborn v. State, 106 Tex. Cr. R. 354.

The State introduced some other testimony in its effort to comply with the law with reference to the corroboration of the accomplice, Joe Stephens. The testimony adduced, aside from that of Joe Stephens and his wife, consists of disconnected circumstances which may be meagerly sufficient in law to satisfy the statute which forbids the conviction of one upon the uncorroborated testimony of an accomplice, but which, on the other hand, in the absence of Mrs.

Stephens' testimony might have been regarded by the jury as inadequate to that end. By far the most tangible corroborative testimony came from Mrs. Stephens. In refusing to instruct the jury in substance that she being an accomplice witness, her testimony could not be used to corroborate the testimony of her husband and would not warrant a conviction unless corroborated, we think the learned trial judge committed error. See Art. 711, C. C. P., and cases hereinabove cited.

For the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

HAWKINS, J., absent.