### ELBERTIS FISHER V. THE STATE.

No. 13780. Delivered November 26, 1930.
Rehearing Denied January 21, 1931.

*W. B. Lea* and *Barret Gibson,* both of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for cattle theft; punishment, three years in the penitentiary.

The record is before us without statement of facts or bills of exception. Appellant strongly urges in an able brief filed by counsel that

there appears in the court's charge what is denominated fundamental error for which the case should be reversed. In submitting the case to the jury the court used the following language: "I instruct you that *the witness, John Murry, is an accomplice.* Now, you are instructed that you cannot convict the defendant upon the testimony of said John Murry alone, unless you first believe that his testimony is true," etc., and then follows the regular and usual instruction to the jury upon the law relative to a conviction upon the testimony of an accomplice when sufficiently corroborated. Appellant insists that the statement by the court to the jury of the fact that John Murry was an accomplice, was fundamental error.

There was no exception to the charge of the court, no calling of his attention to the fact that he had inadvertently omitted the word "witness" after the word "accomplice." Such exception is necessary. There would seem little question but that if the attention of the trial court had been called to this matter he would have inserted said word, and there would have been no ground for complaint. We are forbidden by the positive terms of our statute to reverse cases for errors in the charge, unless we are led to believe that from such error there resulted to the appellant an injury. Article 666, C. C. P. We do not believe such to be the case here. The court was submitting to the jury the law relative to accomplice testimony. The settings, surroundings and circumstances are not such as to mislead the jury. We do not think the matter one of sufficient importance to call for further discussion.

No substantial error being shown, the judgment will be affirmed.

*Affirmed.*

Hawkins, J., absent.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The conviction is for the theft of cattle from John Murry. The jury were properly instructed in accord with the statute denouncing the theft of cattle. Among other things in the charge, the jury were told that if they believed from the evidence, beyond a reasonable doubt, that Elbertis Fisher did fraudulently take from John Murry two head of cattle without his consent and with the intent to deprive him of the value of same or with the intent to permanently appropriate the said two head of cattle to the use and benefit of the said Elbertis Fisher, etc.

In another paragraph of the charge, the court instructed the jury that John Murry was an accomplice and that they could not convict the accused upon the testimony of John Murry unless they believed it to be true and unless there was corroborative testimony. There were embraced in that paragraph of the charge the usual instructions to the jury touch-

ing the testimony of an accomplice witness. Appellant strenuously contends that the court having given the instructions mentioned, it is equivalent to an instruction to the jury to acquit the accused. The reasoning of the appellant's counsel is that the court having used in his instruction the term "accomplice," thereby instructed the jury that John Murry had advised, commanded or encouraged the appellant to take the cattle if they were taken. There is no exception to the charge, but the appellant insists that there is error which is fundamental and destructive of the verdict of conviction.

After his conviction the appellant sought by way of writ of habeas corpus to enforce the contention upon which he now insists. The court declined to entertain the application upon the ground that the matter should be brought before the court by way of an appeal from the judgment. A motion for rehearing was presented and passed on, and in the opinion the following statement is made:

"The appellant contends that the instruction that Murry was an accomplice implies, as a matter of law, that he consented to the taking of the property and therefore excludes the idea of theft. That the instruction given characterize the judgment as void is deemed unsound. If the position taken by the appellant were more plausible, however, no relief would be given him by way of habeas corpus. If the judgment is vulnerable, an appeal is his remedy." (Ex parte Fisher, 28 S. W. (2d) 562.)

Mr. Branch, in his Ann. Tex. P. C., Sec. 702, uses the following language:

"The term 'accomplice' when applied to a witness who testified in behalf of the State has a distinct and different meaning from its technical definition in the Penal Code, and as used in connection with the testimony of a witness who requires corroboration, it includes principals, accomplices, and accessories, and all persons connected with the offense by unlawful act or omission, transpiring either before, at the time, or after the commission of the offense, and whether such witness was present or participating in the crime or not."

We are not in possession of the evidence that was before the trial court. To the charge of the court, no objection was made. The context in which the word "accomplice" is found in the charge makes manifest to us that the trial court was dealing with the subject of an accomplice witness, and if exception to the charge had been taken at the time, it would have resulted in a correction. Apparently the appellant's position implies that under no circumstances or conditions could the owner of the stolen property become an accomplice witness, and that the use of the word "accomplice", as applied to him, necessarily carries with it the information to the jury that the taking of the property by the accused was not without the consent of the owner. There are many circum-

556

stances under which the owner might become an accomplice witness. We understand that affirmative action by false testimony as otherwise usable in behalf of the accused to escape punishment would constitute one an accessory, or at least to the extent of rendering him an accomplice witness. See Willman v. State, 92 Texas Crim. Rep., 77, 242 S. W., 746; Howard v. State, 92 Texas Crim. Rep., 221, 242 S. W., 739; Vernon's Ann. Tex. C. C. P., vol. 2, p. 774, note 1; p. 777, note 3; p. 783, note 14; p. 785, note 15; also Blakely v. State, 24 Texas App., 616, 7 S. W., 233, 5 Am. St. Rep., 912. In many cases, it has been held that one agreeing to give false testimony in aid of the offender who is charged with crime becomes an accomplice witness. See Eldridge v. State, 111 Texas Crim. Rep., 451, 14 S. W. (2d) 1037; Largent v. State, 116 Texas Crim. Rep., 286, 32 S. W. (2d) 652. As indicated hereinabove, however, the opinion is expressed that the interpretation to be given to the charge of the court is not such as would necessarily apply to the crime of the accomplice but that it was intended to apply to one whose connection with the crime rendered his conduct subject to the limitation placed upon the testimony of an accomplice. In other words, the court's charge fairly interpreted, we think, means that Murry was an accomplice witness. However, we are of the opinion that conceding the interpretation of the expression of the trial court, in connection with the appellant's view, namely, that the jury was told that Murry was an accomplice, the absence of the statement of facts giving knowledge of the proof that was before the jury, leaves this court with the presumption that in the trial court there was ample evidence to sustain the conviction of the accused without the testimony of Murry.

The motion for rehearing is overruled.

*Overruled.*