### JOHN CRAWFORD v. THE STATE.

No. 19473. Delivered March 3, 1938.
Rehearing denied April 20, 1938.

The opinion states the case.

*W. E. Myres,* of Fort Worth, and *A. C. Chrisman,* of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The conviction is for a violation of the liquor laws in a dry area, to-wit: Johnson County, and punishment assessed at a $100.00 fine.

Appellant was the keeper of a filling station where soft drinks were sold in said county, and two liquor inspectors stopped at his place on the date alleged in the information, and one of them, Mr. Williams, went in and finally purchased one pint of liquor therein, and paid $1.25 therefor. The inspector, Mr. Williams, claimed that he went in for the purpose of purchasing a coca-cola, and when he detected the scent of liquor on appellant's breath, he asked him if he had any whisky, and upon appellant's affirmative answer, and the producing of a bottle from appellant's pocket, Williams took a drink thereof, and then wanted to know if he could buy some whisky. Appellant answered that he could let him have some; whereupon appellant told a boy standing by to go get a pint of liquor, which the boy proceeded to do, and handed it to appellant, and Williams paid $1.25 to appellant and received the whisky. The witness Allen, also an inspector, testified that he stayed out in front of the place of appellant for some minutes in the car,

but eventually he came in and saw the appellant hand the bottle of whisky to Williams and receive therefor some money.

Appellant's wife and Mr. Jackson testified that Mr. Williams, one of the inspectors, claimed to be sick, and wanted some whisky to relieve his indisposition, and appellant gave him a drink out of appellant's private bottle; that Mr. Williams was so pleased with such whisky that he asked if he could procure some more whisky, to which request appellant stated that he got his from a negro then located at the back door, and maybe he had some more. He called to the negro, and the negro brought a pint bottle which he handed to Mr. Williams and received $1.25 therefor, which he gave to the negro.

The court in an excess of caution instructed the jury that the witness Williams, as a matter of law, was an accomplice, and that his testimony of a necessity should be corroborated before a conviction could be had in this matter. He refused to thus instruct the jury relative to the witness Allen, or to submit to the jury the matter of his accompliceship. The court's action relative to Allen was correct. See Stevens v. State, 110 S. W. (2d) 906, and this holding will dispose of all of appellant's contentions save and except his bill of exception No. 1. In that bill he complains of the failure of the court to charge the jury that if the defendant sold the whisky in question for medicinal purposes he would not be guilty in this case. In support of his contention appellant's attorneys cite the case of Banton v. State, 46 S. W. (2d) 703. That case seems to hold with appellant's contention, but we notice that this case was handed down on February 17, 1932, which was during the existence of the prohibition amendment to the State Constitution, and prior to the passage of the Liquor Control Act under which this prosecution was instituted. This prosecution is under the Act of 1935, 44th Legislature, Second Called Session, p. 1795, Chapter 467. We note therein under Article 666-15(n), Penal Code, Vernon's Texas Statutes 1936, the following:

" * * * No liquors for medicinal purposes shall be dispensed, sold or delivered to any person in this State except upon a prescription issued in the legitimate practice of medicine by a physician licensed to practice medicine in the State of Texas, and who is not addicted to the use of any narcotic drug"; and then goes on to prescribe how such prescription shall be issued and preserved. In other words, it is our opinion that no sales for medicinal purposes of intoxicating liquors can be made under this law except under a proper prescription therefor by a physician. There is no proof nor contention that the appellant was such physician, nor that he was offered a prescription from

such purchaser, and such an instruction was not called for by the facts, nor the law herein.

This cause will accordingly be affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant, in his motion for a rehearing, earnestly contends that we erred in our original disposition of this case by holding that the agent of the Texas Liquor Control Board was not an accomplice. This identical question was before this Court in the case of Stevens v. State, 110 S. W. (2d) 906, and was decided adversely to appellant's contention. He insists, however, that the evidence in the instant case is quite different from that in the case of Stevens v. State, supra, and brings the witness within the category of an accomplice. We have carefully reviewed the record in the light of the motion, but are unable to agree with him.

Believing that the question was properly disposed of in the original opinion, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.