MRS. JIM WEEKS V. THE STATE.

No. 20928. Delivered March 13, 1940.
Rehearing Denied April 17, 1940.

The opinion states the case.

*Myres & Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted in the County Court of Johnson County for the offense of selling whisky in a dry area; and her punishment was assessed at a fine of $150.00.

Robert H. Williams, an employee of the Texas Liquor Control Board, testified that on July 20, 1939, he went to the premises of the appellant in company with one Red Brown and purchased from her a half pint of whisky and a can of beer; that he paid fifty-five cents for the whisky and twenty-five cents for the can of beer. The witness kept the whisky and beer as evidence against the appellant upon the trial of her case.

The appellant did not testify upon the trial, nor did she introduce any testimony in her behalf.

No bills of exception appear in the record, but in the motion for new trial, the contention is made that the representative of the Liquor Control Board was an accomplice whose testimony required corroboration. This question has been held many times contrary to the appellant's contention, the leading case being Stevens v. State, 110 S. W. (2d) 906. Furthermore,

the statute, Art. 666—23a, subdivision 8, Vernon's Ann. P. C., (1939 Sup.), declares: "Upon a trial for a violation of any provision of either Article I or Article II of this Act (Texas Liquor Control Act), a conviction may be had upon the uncorroborated testimony of an accomplice."

In the present instance, there is nothing in the evidence to the effect that the Liquor Control Board Inspector was an accomplice, but even if he were, his testimony would not require corroboration under the statute referred to above.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After re-examining the record in the light of appellant's motion for rehearing we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.